IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES LARSEN,                                        )
                                                     )
                    Plaintiff,                       )
                                                     )        Case No.: 19-1861
vs.                                                  )
                                                     )
                                                     )
LIBERTY MUTUAL GROUP                                 )
LIBERTY LIFE ASSURANCE                               )
COMPANY OF BOSTON,                                   )
                                                     )
        Serve:  MO Dept. of Insurance                )
                301 W. High Street, Rm 530           )
                Jefferson City, MO 65101             )
                                                     )
And                                                  )
                                                     )
CHARTER COMMUNICATIONS, INC.                         )
                                                     )
        Serve:  Wadman Warrick                       )
                2505 Shepard Blvd                    )
                Columbia, MO 65201                   )
                                                     )
And                                                  )
                                                     )
SEDGWICK CLAIMS MANAGEMENT                           )
SERVICES, INC.                                       )
                                                     )
        Serve:  CSC-Lawyers                          )
                Incorporating Services               )
                221 Bolivar Street                   )
                Jefferson City, MO 65101             )
                                                     )
        Defendant.                                   )

## COMPLAINT

COMES NOW Plaintiff James Larsen, by and through undersigned counsel, pursuant to

the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and

for his cause of action against Defendants Liberty Mutual Group Liberty Life Assurance Company

of Boston, Charter Communications, Inc., and Sedgwick Claims Management Services, Inc.,

respectfully states the following:

1.      Plaintiff, James Larsen (hereinafter "Mr. Larsen") brings this action against

Defendant Liberty Mutual Group Liberty Life Assurance Company of Boston (hereinafter "Liberty

Mutual") for damages caused by the Defendant's breach of statutory, contractual and fiduciary

obligations and violations of the Employee Retirement Income Security Act of 1974, as amended

29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.      This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy

or the citizenship of the parties.

3.      With regard to all Payroll Practices and state law claims, this Court has

Supplemental Jurisdiction under 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the

subject employee welfare benefit plan and employee insurance program are administered in this

District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are

found in this district.

**Parties**

5.      Mr. Larsen is an individual residing in Pevely, Jefferson County, Missouri, 63070,

in the Eastern District of Missouri. Mr. Larsen is a vested participant in a Group Insurance Policy

for certain employees of Charter Communications, Inc.

6.      Charter Communications Inc. (hereinafter "Charter") was at all times relevant the

employer of Mr. Larsen and provides an employee benefit plan within the meaning of 29 U.S.C.

§ 1132(a). At all times relevant Charters serves as the plan administrator and sponsor under the

meaning of 29 U.S.C. § 1002(16) of plaintiff's Long Term Disability benefits and also provided

Short Term Disability benefits through a payroll practice.

7.      Defendant Liberty Mutual provides coverage for certain employees of Charter

under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. §

1002. Specifically, Charter provides long term disability benefit (hereinafter "LTD") through

insurance coverage.

8.      Liberty Mutual is an insurance company incorporated in Massachusetts and is doing

business in Missouri under a license to do business as a Foreign Insurance Company. Liberty

Mutual administers and pays benefits under the terms of the LTD plan and is a fiduciary within

the meaning of 29 U.S.C. §1002(16).

9.      Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick") is the third

party administer of Defendant Charter's Leave and disability programs, and managed the Short

Term Disability claims of Charter's employees.

### Count I
### Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)
### (Against Defendant Liberty Mutual)

10.     In January of 2017 Mr. Larsen was forced to stop working and became disabled

due to symptoms primarily related to chronic low back pain.

11.     As a result of Mr. Larsen's diagnosis and resulting disability, Mr. Larsen is unable

to perform the daily demands of his job including, but not limited to: (1) lifting 1-5 pounds from

the floor to his waist; (2) lifting 1-5 pounds from his waist to his shoulders; (3) carrying 1-5 pounds;

(4) sitting for 80% of the day; and (5) reaching forward and overhead.

12.     At the time Mr. Larsen was forced to stop working he was employed by Charter as

an Executive Coordinator II.

13.     As part of his employment, Mr. Larsen was an eligible employee under a plan for long term disability benefits provided by Charter for its employees.

14.     On July 24, 2018, Liberty Mutual denied Mr. Larsen his long term disability benefits.

15.     It was determined by Liberty Mutual that Mr. Larsen did not meet the definition of disability under the language of the plan.

16.     Mr. Larsen filed a timely appeal of Liberty Mutual's denial and has exhausted all administrative remedies available to him.

17.     Despite presenting objective evidence indicating that he was completely disabled, Defendant denied that Mr. Larsen has any functional impairment and is therefore not disabled.

18.     At all relevant times, Mr. Larsen has been under the care of licensed medical doctors.

19.     As a result of the wrongful denial, Mr. Larsen has been damaged in the amount of unpaid benefits.

20.     Defendant's denial of long term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

21.     Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff James Larsen respectfully prays for judgment against Defendant Liberty Mutual Group Liberty Life Assurance Company of Boston in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

## COUNT II
### Breach Of Fiduciary Duty Pursuant To 29 U.S.C. §1132(A)(3)
### (Against Liberty Mutual)

22.     Plaintiff incorporates and adopts by reference paragraphs 1-20 above as if fully set forth herein.

23.     Mr. Larsen brings this claim against Liberty Mutual under 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the Plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

24.     In determining benefits under the Plan, Liberty Mutual, acting as a fiduciary in the administration of Mr. Larsen's claim:

      a.   Failed to adequately consider the facts and circumstance regarding Mr. Larsen's claims;

      b.   Failed to adequately investigate the facts supporting Mr. Larsen's claims; and

      c.   Relied on unfair, biased, and inconclusive reviews of Mr. Larsen's medical records in denying his claim for benefits.

25.     Defendant Liberty Mutual has failed to provide Mr. Larsen a full and fair review of his claim.

### "Independent" Medical Records Review

26.     Liberty Mutual retained the services of Dane Street, A medical review company, to review Mr. Larsen's medical records in order to determine whether Mr. Larsen was functionally impaired.

27.     After a review medical records of Mr. Larsen's numerous treating physicians, a report was submitted by Dane Street to Liberty Mutual suggesting that Mr. Larsen did not have any functional impairments.

28.     This determination is directly contradictory to the determinations of Mr. Larsen's treating physicians.

### Occupational Analysis/Vocational Review

29.     On July 20, 2018, Liberty Mutual performed an Occupational Analysis/Vocational Review (hereinafter "OA/VR").

30.     The OA/VR relied solely upon the documents contained in Liberty Mutual's claim file. It is not clear whether any of Mr. Larsen's treating physicians' restrictions, limitation or opinions were considered for the OA/VR.

31.     The OA/VR determined that Mr. Larsen was physically capable of performing light or sedentary duty jobs – in direct contradiction of the findings of Mr. Larsen's treating physicians.

### Liberty Mutual's Denial of Mr. Larsen's LTD Claim

32.     Although, Mr. Larsen submitted medical documentation to Defendant in a timely and appropriate manner, Defendant denied Mr. Larsen's claim on a speculative inference that Mr. Larsen was qualified and physically capable of performing a light duty or sedentary job.

33.     In reaching this determination Defendant failed to carefully consider Mr. Larsen's claim and supporting medical records and chose to base its denial on speculation and conjecture.

34.     Defendant, as fiduciary, did not act with care, skill, prudence and diligence in performing an independent medical examination or OA/VR, which were relied on for an adverse benefit decision.

35.     Defendant failed to carefully consider Mr. Larsen's claim and chose instead to base its termination of benefits and continued denial on speculation, a biased IME and a flawed OA/VR.

36.     Defendant breached its fiduciary duties, insofar as it failed to discharge its duties in handling Mr. Larsen's benefits claim in a careful, skillful, and diligent manner.

37.     Defendant operated under a conflict of interest due to the fact that it had a financial incentive to deny Mr. Larsen's long-term disability benefits.

38.     When adjudicating Mr. Larsen's claims for continued disability benefits, Liberty Mutual breached its fiduciary duty in that it;

      a.   Refused to consider the medical evidence documenting Mr. Larsen's restrictions and limitations; and

      b.   Employed an unfair, incomplete and biased process that was designed to create evidence to support a denial of benefits an ignore evidence that supported an award of benefits.

39.     Liberty Mutual breached its fiduciary duties under ERISA §404, 29 U.S.C. §1104, insofar as it failed to discharge its duties with respect to the Plan solely in the interest of Mr. Larsen, a beneficiary, and for the exclusive purpose of providing benefits to participants and to act in accordance with the documents and instruments governing the Plan.

40.     Mr. Larsen has been unjustly denied benefits and is now left with a total loss of long term disability benefits, creating such an injustice as to warrant the enforcement of benefits promised to Mr. Larsen by Liberty Mutual.

41.     The allegations above merit the imposition of an equitable relief under 29 U.S.C. §1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to compensate Mr. Larsen for the losses incurred by him and for the unjust enrichment Defendant has realized as a result of its wrongful denial.

WHEREFORE, Plaintiff James Larsen respectfully prays for judgment against Defendant Liberty Mutual Life and Accident Insurance Company granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
**Wrongful Denial of Short Term Disability Payroll Practice/ Quantum Meruit**
**(Against Defendant Charter)**

42.     Plaintiff incorporates and adopts by reference paragraphs 1-40 above as if fully set forth and alleged herein.

43.     At all times relevant, Mr. Larsen was an at-will employee of Charter, tasked with performing the job duties of an Executive Coordinator II.

44.     As a term of his employment Charter agreed to pay compensation out of its general assets to Mr. Larsen for periods of time during which he was physically or mentally unable to perform his duties, or was otherwise absent for medical reasons in the form of short term disability benefits (STD Benefits).

45.     The STD Benefits, and all other compensation, were promised to Mr. Larsen in exchange for his time and labor – which had a reasonable value on the open labor market – thus creating a quasi-contractual employment agreement between Mr. Larsen and Charter (hereinafter this quasi-contractual relationship will be referred to as the "employment agreement").

46.     Charter acquiesced to, and was enriched by, Mr. Larsen's employment by retaining him as an employee and gaining the benefit of his work as an Executive Coordinator II.

47.     The STD Benefits were only available to Mr. Larsen on the account of work he performed for Charter and constituted a Payroll Practice as the term is defined by 29 C.F.R §0510.3-1(b)(2) and does not constitute an "employee welfare benefit plan" subject to ERISA.

48.     These STD Benefits were to be administered and managed by Defendant Sedgwick, but paid by Charter.

49.     On November 22, 2017 – following the exhaustion of all available administrative and internal appeals processes available to Mr. Larsen – Defendant Sedgwick denied Mr. Larsen's STD Benefit.

50.     Defendant Charter breached the terms of its employment agreement with Mr. Larsen, by not paying him the STD Benefit, at the direction of Defendant Sedgwick, when he was not able to perform his job duties as the result of a medical disability.

51.     As a direct, proximate and foreseeable result of Defendant Charter's breach of its employment agreement with Mr. Larsen – by and through the actions of its agent Defendant Sedgwick – Mr. Larsen has incurred the loss of his STD Benefits.

52.     By refusing to provide the STD Benefit, Charter has been unjustly enriched by Mr. Larsen's employment.

WHEREFORE, Plaintiff James Larsen respectfully prays for judgment against Defendant Charter Communication Inc. granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.

### COUNT IV
**Tortious Interference With Business Expectancies**
**(Against Defendant Sedgwick)**

53.     Plaintiff incorporates and adopts by reference paragraphs 1-52 above as if fully set forth and alleged herein.

54.     At all times relevant herein, Mr. Larsen had a business expectancy of employment with Defendant Charter, which provided an STD Benefit to pay to Mr. Larsen in the even that he became injured or unable to work due to a medical reason.

55.     On or about November 22, 2017, Charter – acting upon the opinion and determination of Sedgwick – determined to not pay Mr. Larsen his STD Benefit, and thereby disrupting the business expectancy of Mr. Larsen.

56.     Defendant Sedgwick, caused Charter to breach the business expectancies of Mr. Larsen intentionally and without excuse by opining to Charter that Mr. Larsen did not exhibit any functional impairments resulting from his medical conditions.

57.     This opinion was improper and directly contradicted by the reports and medical opinions of Mr. Larsen's treating physicians that had determined that Mr. Larsen was disabled and unable to work as a result of his chronic low back pain.

58.     This opinion caused Defendant Charter to not pay Mr. Larsen his STD Benefit.

59.     Sedgwick's opinion regarding Mr. Larsen's disability and the conveyance of said opinion to Charter caused damage to Mr. Larsen, as it resulted in Charter not paying the STD Benefit.

60.     Sedgwick's conduct herein was willful, intentional and outrageous, in that the medical opinion regarding Mr. Larsen's disability was false and misleading regarding Mr. Larsen's ability to work (or inability to work).

WHEREFORE, Plaintiff James Larsen respectfully prays for judgment against Defendant Sedgwick Claims Management Services, Inc. granting damages in an amount that includes the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.


Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*James Larsen*